## UNITED STATES DISTRICT COURT WESTERN DISTRICT OF TEXAS – EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA for the use and benefit of MISCELLANEOUS STEEL INDUSTRIES, INC. AND ACERO CONSTRUCTION SERVICES, INC. | § § § § | |
| v. | § | CASE NO. 3:20-CV-00021 |
| | § | |
| CLARK MCCARTHY HEALTHCARE PARTNERS II; MCCARTHY BUILDING COMPANIES, INC.; CLARK CONSTRUCTION GROUP, LLC; FEDERAL INSURANCE COMPANY; TRAVELERS CASUALTY AND SURETY COMPANY; FIDELITY AND DEPOSIT COMPANY OF MARYLAND; ZURICH AMERICAN INSURANCE COMPANY; AND THE TRAVELERS INDEMNITY COMPANY | § § § § § § § § § § § § | |

### PLAINTIFF UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF MISCELLANEOUS STEEL INDUSTRIES, INC. AND ACERO CONSTRUCTION SERVICES, INC.'S COMPLAINT

Plaintiff United States of America for the use and benefit of Miscellaneous Steel Industries, Inc. and Acero Construction Services, Inc. files this Complaint against Defendants Clark McCarthy Healthcare Partners II, McCarthy Building Companies, Inc., Clark Construction Group, LLC, Federal Insurance Company, Travelers Casualty and Surety Company, Fidelity and Deposit Company of Maryland, Zurich American Insurance Company, and The Travelers Indemnity Company, and would show as follows:

PLAINTIFF UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF
MISCELLANEOUS STEEL INDUSTRIES, INC. AND
ACERO CONSTRUCTION SERVICES, INC.'S COMPLAINT

Page 1

# I.

## PARTIES

1.1     Plaintiff United States of America for the use and benefit of Miscellaneous Steel Industries, Inc. ("MSI") is a Texas corporation with its principal office located at 400 Bunton Creek Rd., Kyle, Texas 78640.

1.2     Plaintiff United States of America for the use and benefit of Acero Construction Services, Inc. ("Acero") is a Texas corporation with its principal office located at 400 Bunton Creek Rd., Kyle, Texas 78640.

1.3     Defendant Clark McCarthy Healthcare Partners II is a joint venture consisting of McCarthy Building Companies, Inc., a Missouri corporation with its principal office at 1341 N Rock Hill Road, St. Louis, Missouri 63124, and Clark Construction Group, LLC, a Maryland limited liability company with its principal office at 7500 Old Georgetown Road, Bethesda, Maryland 20814.[1] Clark McCarthy Healthcare Partners II's principal office is located at 200 Constitution Ave., El Paso, Texas 79936. Clark McCarthy Healthcare Partners II may be served through service of process on the Texas registered agent of McCarthy Building Companies, Inc., Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136 or wherever else the registered agent may be found. Clark McCarthy Healthcare Partners II may be served through service of process on the Texas registered agent of Clark Construction Group, LLC, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136 or wherever else the registered agent may be found.

---

[1] Since joint venturers are jointly and severally liable for joint venture debts and obligations, and a plaintiff may seek to obtain a judgment against a joint venturer, individually, in a suit simultaneously against the joint venture, MSI will use the term "CMHP" to refer collectively to Clark McCarthy Healthcare Partners II, McCarthy Building Companies, Inc., and Clark Construction Group, LLC throughout this Complaint.

1.4     Defendant McCarthy Building Companies, Inc. is a Missouri corporation with its principal office at 1341 N Rock Hill Road, St. Louis, Missouri 63124. Defendant McCarthy Building Companies, Inc. may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136 or wherever else the registered agent may be found.

1.5     Defendant Clark Construction Group, LLC is a Maryland limited liability company with its principal office at 7500 Old Georgetown Road, Bethesda, Maryland 20814. Defendant Clark Construction Group, LLC may be served through its registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136 or wherever else the registered agent may be found.

1.6     Federal Insurance Company ("FIC") is an Indiana entity whose principal office is located at 202 Halls Mill Rd, Suite B, Whitehouse Station, New Jersey 08889-3435. FIC may be served through its Texas registered agent, C T Corporation System, at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136 or wherever else the registered agent may be found.

1.7     Travelers Casualty and Surety Company ("Travelers") is a Connecticut entity whose principal office is located at One Tower Square, Hartford, Connecticut 06183. Travelers may be served through its Texas registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701 or wherever else the registered agent may be found.

1.8     Fidelity and Deposit Company of Maryland ("FDC") is an Illinois entity whose principal office is located at 1299 Zurich Way, Schaumburg, Illinois 60196. FDC may be served through its Texas registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701 or wherever else the registered agent may be found.

1.9     Zurich American Insurance Company ("Zurich") is a New York entity whose principal office is located at 1299 Zurich Way, Schaumburg, Illinois 60196. Zurich may be served through its Texas registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701 or wherever else the registered agent may be found.

1.10    The Travelers Indemnity Company ("TIC") is a Connecticut entity whose principal office is located at One Tower Square, Hartford, Connecticut 06183. TIC may be served through its Texas registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701 or wherever else the registered agent may be found.

## II.
## JURISDICTION AND VENUE

2.1     This Court has exclusive jurisdiction over this action pursuant to the Miller Act, 40 U.S.C. § 3133 *et seq.*, which provides federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367 because MSI's state law claims are so related to its Miller Act claims that they form a part of the same case or controversy under Article III of the United States Constitution.

2.2     Venue is mandatory in the El Paso Division of the Western District of Texas under 40 U.S.C. § 3133(b)(3) because the contracts at issue were performed and executed in El Paso, Texas.

2.3     Venue is also proper in the El Paso Division of the Western District of Texas under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to

PLAINTIFF UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF
MISCELLANEOUS STEEL INDUSTRIES, INC. AND
ACERO CONSTRUCTION SERVICES, INC.'S COMPLAINT

Page 4

this claim occurred in El Paso, Texas and the Project at issue, the Fort Bliss Replacement Hospital (the "Project"), is located in El Paso, Texas.

## III.
## FACTUAL BACKGROUND

3.1     This case arises from the construction of the Project, a 1.1 million-square-foot healthcare campus that is intended to replace the existing William Beaumont Army Medical Center. The Project consists of a seven-story hospital, two clinic buildings, an administrative building, a clinical investigation building, and a central utility plant. It also includes the construction of two access control points and surface parking.

3.2     In 2013, CMHP was awarded a $648 million contract by the U.S. Army Corps of Engineers, Fort Worth District (the "Corps") to construct the Project. CMHP then subcontracted the fabrication and erection of miscellaneous steel scopes of work on the Project to MSI.  MSI and CMHP are parties to a written subcontract dated September 11, 2013 related to the scope of work to be performed by MSI on the Project (the "Subcontract").  The erection portion of the scope of work required to be performed by MSI under the Subcontract was performed by Acero under a subcontract with MSI.

3.3     As the prime contractor, CMHP furnished Miller Act bonds under federal law. Travelers, FDC, FIC, Zurich, and TIC (collectively, the "Miller Act Sureties") are the sureties on CMHP's Miller Act bonds.

3.4     The Corps and its design team furnished the plans, specifications, and other design information for the Project. CMHP contractually agreed to construct the Project in accordance with this design furnished by the Corps, as did MSI for its respective portions of the

Project. MSI was contractually responsible to CMHP for both the fabrication and erection of the miscellaneous steel portions of the work. CMHP was responsible for paying MSI. Acero was contractually responsible to MSI for the erection of the steel products fabricated and supplied by MSI.  MSI was responsible for paying Acero, upon receipt of payment from CMHP.

3.5     Under the *Spearin* Doctrine, the Corps and its design team were responsible to the contractors, including CMHP, MSI, and Acero for the adequacy and accuracy of the design documents.  MSI and Acero reviewed the relevant plans and specifications and submitted a bid based on those design documents, and based on a reasonable and customary expectation of being able to progress the work in a logical and efficient manner, moving workers and equipment from building to building as the work progressed. CMHP represented this to MSI, and MSI relied on this to its detriment in pricing its Subcontract to CMHP. CMHP and MSI jointly developed a logical sequence for the work, and MSI submitted an erection plan and sequence, which was accepted by CMHP.

3.6     The Project was extraordinarily troubled from the start and was delayed even before MSI completed the fabrication of the steel products covered by the Subcontract and before Acero mobilized to the Project. There were major defects in the design, which impacted the schedule and greatly increased costs and time on the Project for all contractors, including CMHP, MSI and Acero.  In addition to the design problems, CMHP abandoned the original schedule and planned sequence of activities, which further delayed the job, caused MSI and Acero extra time on the Project, and significantly increased MSI's and Acero's costs to complete their scopes of work.

3.7     MSI and Acero, like the other Project participants, encountered significant delays to its work and impacts to its productivity, which extended the Project by years and resulted in significant additional costs as detailed herein.

3.8     MSI and Acero are entitled to recovery of additional costs expended for problems and interferences outside of its control on the Project and/or costs that resulted from the actions or inactions of others outside of MSI's and Acero's control.

3.9     The Project has been such a financial disaster that the U.S. Congress required the Department of Defense – Office of Inspector General to audit the Project and provide a report on the errors and omissions that caused the time delays and cost increases in connection with the National Defense Authorization Act for Fiscal Year 2018.[2]  MSI and Acero were not found to be at fault in this inquiry.

3.10    As a result of the delays, design problems, and changes, and due to other reasons, CMHP asserted substantial claims against the Corps substantially in excess of $100 million. As a part of this process, CMHP asked its subcontractors, including MSI, to furnish their claims for delay and impact damages to CMHP. MSI's claim included a claim for delay and impact damages on behalf of Acero.  Per CMHP's request, MSI did so, and CMHP took all of these subcontractor claims and submitted them to the Corps for compensation. Notably, CMHP did not reject MSI's claim, but instead, submitted it to the Corps and asked the Corps to pay it. This estops CMHP from criticizing or attacking MSI's and Acero's claim now.

3.11    The claims submitted by MSI were actually requested by CMHP as a part of CMHP's global claims to the Corps.

---

[2] Fort Bliss Hospital Replacement Military Construction Project Audit Report, Department of Defense Office of Inspector General, https://media.defense.gov/2018/Jun/08/2001928750/-1/-1/1/DODIG-2018-125.PDF (last accessed May 10, 2019)

3.12    CMHP negotiated with the Corps to try to achieve a global settlement for what the parties called the "Legacy Claims," or "Buckets 1 through 6." Based on information and belief, CMHP elected to settle with the Corps for Buckets 1 through 6, for a combined amount in excess of $140 million, which based on information and belief, is about 75 cents on the dollar.

3.13    After CMHP settled the foregoing claims, it embarked on a secretive campaign to pick off the claims of each subcontractor, settling with them piecemeal, while keeping each one in the dark about what others were getting. Significantly, the CMHP settlement with the Corps was a global settlement, without specific allocations for individual subcontractors. This allowed CMHP to settle with each subcontractor in such a way as to pocket for itself what it wanted, and pay each subcontractor pennies on the dollar. CMHP has refused pre-suit demands from MSI to produce documents that would show how the other subcontractors were and are being treated.

3.14    MSI and Acero have not been treated fairly in this process. CMHP had contractual obligations and a fiduciary duty to pass through MSI's and Acero's claims to the Corps and to assist MSI and Acero in presenting and, if necessary, litigating those claims. Although CMHP did present MSI's and Acero's claim, CMHP elected to take control and push through the above-described global settlement on its own, thereby cutting off and preventing MSI and Acero from pursuing their claims in full. CMHP did not have a contractual right to take control like this. CMHP therefore assumed responsibility to put the interests of MSI and Acero before its own as a fiduciary and an agent, but did not do so. MSI and Acero are not bound by any settlement CMHP made with the Corps.

3.15    Part of MSI's Legacy Claim included a pass through claim submitted by MSI on behalf of Acero for extended field overhead incurred in performing the erection services for MSI that MSI was required to perform under the Subcontract.  The amount of the extended field

overhead claim submitted by MSI on behalf of Acero was $489,409.00.  An additional part of MSI's Legacy Claim was a claim by MSI for extended home office overhead in the amount of $773,420.00.

3.16    CMHP represented to MSI that the Corps approved portions of MSI's Legacy Claim, which included Acero's claim, but denied other portions of the claim.  CMHP represented to MSI that the Corps only approved $263,303.00 of the claims submitted by MSI on behalf of Acero for Acero's extended field overhead.  CMHP further represented to MSI that the Corps denied MSI's claim for extended home office overhead in its entirety.   Such representations were false and were committed knowingly, intentionally and with malice by CMHP.

3.17    CMHP paid MSI $523,473.00, which amount CMHP represented was the amount of MSI's Legacy Claim approved by the Corps.  That amount was paid by CMHP to MSI through unilateral Subcontract Change Orders 48, 52 and 78.

3.18    CMHP also offered to pay to MSI $200,000.00 as compensation for the portions of MSI's Legacy Claim which CMHP represented had not been approved by the Corps. MSI declined CMHP's offer and disputed the positions allegedly taken by the Corps related to the Acero extended field overhead claim and MSI's extended home office overhead claim.

3.19    In addition to delays related to MSI's Legacy Claim, CMHP did not complete the predecessor activities necessary for Acero to begin handrail installation. As a result, Acero's installation work, primarily the installation of handrails, extended beyond the adjusted Contract completion date of July 25, 2019 to October 25, 2019.  CMHP acknowledged responsibility for Acero being on site after July 25, 2019.  MSI incurred extended supervision and extended rental equipment costs due to this delay.  Acero also experienced labor inefficiency caused by CMHP's

failure to properly prepare walls for handrail installation and interference with other trades due to the delay.

3.20     MSI retained the services of Breakwater Forensics, LLC ("Breakwater") to provide an independent assessment of the value of the Acero labor inefficiency, Acero field overhead, and the MSI home office overhead claims.  Breakwater prepared an Assessment of Economic Damages ("Breakwater Report"), a copy of which is attached hereto as Exhibit A.  As a result of the analysis performed by Breakwater, Breakwater arrived at the following opinions and conclusions regarding MSI's Legacy Claim:

a.     MSI's and Acero's claim for Acero field office overhead costs equals $161,920.00, which is calculated as $729.37 per day multiplied by 222 days of delay.

b.     The Corps specifies the Eichleay method as a proper measure of unabsorbed home office overhead.

c.     MSI met the four requirements of the Defense Contract Audit Agency ("DCAA") to recover unabsorbed home office overhead as defined in Defense Contract Audit Agency Contract Manual, Chapter 12.

d.     MSI incurred unabsorbed home office overhead costs and profit of $425,609.00 during the 361 calendar days of delay acknowledged by the Corps and granted in unilateral Subcontractor Change Orders 48, 52 and 78.

e.     MSI incurred unabsorbed home office overhead costs and profit of $261,731.00 during an additional 222 calendar days of delays for which the Corps was responsible.

3.21     Breakwater arrived at the following opinions regarding the CMHP predecessor delay claim:

  a.     MSI and Acero's claim for Acero labor inefficiency costs equals $31,059, which is calculated as 804 hours times $38.63 per hour.

  b.     MSI and Acero's claim for Acero extended supervision is $25,550, which is calculated as Antonio Hernandez' total labor cost from July 26, 2019 through October 25, 2019.

  c.     MSI and Acero's claim for Acero extended rental equipment is $1,836.

  d.     MSI and Acero's total field overhead claim equals $27,386 ($25,550 + 1,836 = $27,386).

3.22     CMHP has failed to compensate MSI for the amounts it is owed under the claims asserted on behalf of Acero for extended field and under MSI's claim for extended home office overhead.

## IV.
## CAUSES OF ACTION

### A.     Count 1 – Miller Act Claims

4.1     MSI and Acero repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

4.2     MSI and Acero supplied materials and/or labor in prosecution of the work provided for in the prime contract.  MSI and Acero have a good faith belief that the materials and/or labor were intended for the specified work under the prime contract. MSI provided written notice to CMHP of MSI's and Acero's claim. More than ninety days have elapsed since

MSI notified CMHP of the claims being asserted by MSI and Acero.  MSI and Acero have not been paid for the amount of the claim.  MSI and Acero continue to perform work on the Project. MSI and Acero have complied with all rules and requirements of the Miller Act for perfecting a right of action under the Miller Act bonds. All conditions precedent to the making of this claim have been performed or have occurred.

4.3     MSI and Acero have suffered damages of no less than $687,340.00 for which it is entitled to additional compensation.

4.4     MSI is entitled to recover at least $687,340.00 in damages in connection with its Miller Act claims, plus all interest, costs, and attorneys' fees as allowed by law and the Subcontract.

4.5     Acero has suffered damages of no less than $220,365.00 for which it is entitled to additional compensation.

4.6     Acero is entitled to recover at least $220,365.00 in damages in connection with its Miller Act Claims, plus all interest, costs, and attorney's fees as allowed by law.

**B.     Count 2 – Breach of Contract**

4.7     MSI repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

4.8     A valid, enforceable contract exists between MSI and CMHP.  MSI performed, tendered performance, or was excused from performing its contractual obligations. CMHP materially breached the Subcontract by, among other things, settling the Legacy Claim with the Corps and not protecting MSI's and Acero's rights to pursue MSI's Legacy Claim for which MSI is entitled to recover at least $907,705.00 from CMHP, plus all interest, costs, and attorneys' fees as allowed by law and the terms of the Subcontract.

**C.      Count 3 – Quantum Meruit**

4.9        MSI and Acero repeat and re-allege the allegations of the preceding paragraphs as if fully set forth herein.

4.10       In addition to, or in the alternative, if such be necessary and without waiving any of the foregoing, MSI and Acero provided CMHP with the labor, goods, materials, equipment, and services described herein. As a direct result of MSI and Acero providing CMHP with such labor, goods, materials, equipment, and services, a benefit was conferred on CMHP. CMHP accepted the benefit of MSI's and Acero's labor, goods, materials, equipment, and services, but has refused to pay for them.  MSI and Acero reasonably expected payment for the labor, goods, materials, equipment, and services provided because MSI and Acero have provided similar labor, goods, materials, equipment, and services to others in the past and have been paid for such similar labor, goods, materials, equipment, and services. CMHP will be unjustly enriched in the amounts claimed by MSI and Acero herein if allowed to retain the benefit conferred on CMHP without payment for the reasonable value of the labor, goods, materials, equipment, and services provided by MSI and Acero as described herein. As a result of CMHP's nonpayment, MSI and Acero have been damaged and are entitled to recover the reasonable value of the labor, goods, materials, equipment, and services provided to CMHP. The reasonable value of the labor, goods, materials, equipment, and services provided to CMHP for which no payment has been made is no less than $907,705.00 (including allowable markup) for which they are entitled to additional compensation, as is summarized above. MSI and Acero are entitled to recover at least $907,705.00 in damages in connection with their quantum meruit claims, plus all interest, costs, and attorneys' fees as allowed by law.

**D.    Count 4 - Breach of Fiduciary Duty**

4.11    MSI and Acero repeat and re-allege the allegations of the preceding paragraphs as if fully set froth herein.

4.12    CMHP owed a fiduciary duty to MSI and Acero to submit MSI's and Acero's claims to the Corps and to pursue and appeal such claims, if necessary.  CMHP embarked upon a scheme knowingly, intentionally and with malice to settle with the Corps in a manner that was not in the best interest of MSI and Acero, but was instead in the best interest of CMHP.  In so doing, CMHP settled with the Corps in a manner that denied MSI's and Acero's right to appeal their claims and misrepresented the facts regarding such settlement and falsely told MSI and Acero that the Corps had denied specific portions of their claims.

4.13    As a result of CMHP's breach of the fiduciary duty it owed to MSI and Acero, MSI and Acero have been damaged as herein described and are entitled to recover those damages from CMHP.  In addition, because the conduct of CMHP was committed knowingly, intentionally and with malice and was committed for the purpose of depriving MSI and Acero of valuable rights they had regarding their claims, MSI and Acero are entitled to recover exemplary and punitive damages from CMHP in an amount determined by the trier of fact necessary to punish CMHP for its conduct.

**V.**

**<ins>INTEREST</ins>**

5.1    MSI and Acero seek pre and post-judgment interest at the maximum rate permitted by law.

# VI.
## ATTORNEY'S AND CONSULTANT'S FEES & EXPENSES

6.1     MSI, on its own and on behalf of Acero, was forced to retain the law firms of Knolle, Holcomb, Callahan & Taylor and Beck & Hall P.C. to prosecute this action on their behalf and has agreed to pay the firms reasonable and necessary attorneys' fees.

6.2     MSI, on its own and on behalf of Acero, has also been forced to retain consultants, including Breakwater, to aid in the prosecution of their claims.

6.3     MSI is entitled to recover its reasonable consultants and attorneys' fees and costs under the Subcontract.

6.4     Article 11.4 of the Subcontract states that the prevailing party in any legal action shall recover reasonable legal costs, including attorney's and consultant's fees, in connection with such action. Therefore, MSI is entitled to recover its legal costs from CMHP, including attorney's and consultant fees.

# VII.
## CONDITIONS PRECEDENT

7.1     All conditions precedent to MSI's and Acero's claims have occurred, have been performed by MSI and Acero, or have been waived.

# VIII.
## DEMAND FOR JURY TRIAL

8.1     MSI and Acero assert their respective rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

PLAINTIFF UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF
MISCELLANEOUS STEEL INDUSTRIES, INC. AND
ACERO CONSTRUCTION SERVICES, INC.'S COMPLAINT

Page 15

## IX.

## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, MSI and Acero pray that the Defendants be cited to appear and file an answer herein, and that MSI and Acero have and recover judgment of and from the Defendants for the following: (i) actual damages of no less than $907,705.00; (ii) punitive and exemplary damages for CMHP's breach of its fiduciary duty; (iii) pre- and post-judgment interest at the maximum legal rate; and (iv) their reasonable consultant and attorneys' fees, costs, court costs, and all other reasonable expenses incurred in connection with this proceeding, including additional attorneys' fees if an appeal occurs. MSI and Acero would also request that they be awarded such other and further relief to which they may show themselves to be entitled.

Dated: January 23, 2020      Respectfully submitted,

**KNOLLE, HOLCOMB, CALLAHAN, & TAYLOR**

By: _/s/ Donald W. Holcomb_
**DONALD W. HOLCOMB**
Texas Bar No. 09821300
13625 Ronald W. Reagan Blvd.
Building One, Suite 100
Cedar Park, Texas  78613
(512) 476-1121 telephone
(512) 476-1131 facsimile
dwh@khctlaw.com

**ATTORNEYS FOR PLAINTIFF UNITED STATES OF AMERICA for the use and benefit of MISCELLANEOUS STEEL INDUSTRIES, INC. AND ACERO CONSTRUCTION SERVICES, INC.**

By: */s/ E. Link Beck*_____
**E. LINK BECK**
Texas Bar No. 02007400
**BECK & HALL, P.C.**
5915 Silver Springs Drive, Bldg. 4
El Paso, Texas 79912
(915) 544-5545 telephone
(915) 544-1620 facsimile
 linkbeck@beckhallpc.com

**ATTORNEYS FOR PLAINTIFF UNITED STATES
OF AMERICA for the use and benefit of
MISCELLANEOUS STEEL INDUSTRIES, INC.
AND ACERO CONSTRUCTION SERVICES, INC.**